NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEATRICE GREEN, EVELYN GREEN and MARGO GREEN<br><br>      Plaintiffs,<br><br>vs.<br><br>STATE OF NEW JERSEY, NEW JERSEY DIVISION OF PAROLE<br><br>      Defendants. | Civ. No. 04-3664(WGB)<br><br>**M E M O R A N D U M**<br>**O P I N I O N** |

APPEARANCES:

Peter C. Harvey, Esq.
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625
 Attorney for Defendants

Eric S. Pennington, Esq.
Daryl S. Pennington, Esq.
ERIC S. PENNINGTON, P.C.
One Gateway Center, Suite 105
Newark, NJ 07102

 Attorneys for Plaintiffs

**BASSLER, SENIOR DISTRICT JUDGE:**

  Defendants State of New Jersey and New Jersey Division of Parole move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) and/or for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiffs filed this suit claiming that East Orange police officers searched their residences without their consent on four

occasions.  Plaintiffs further assert that the police officers unlawfully arrested Defendant Evelyn Green.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

For the following reasons, the motion of the Defendants State of New Jersey and New Jersey Division of Parole is granted.

## BACKGROUND

Two East Orange police officers, Officer Bradley and Chaney searched the homes of Plaintiffs on four different occasions. The officers were at times accompanied by other police officers and were accompanied twice by a state parole officer.  Plaintiffs claim that on each of the occasions the officers entered their homes without valid warrants and conducted illegal searches of their residences.  Plaintiffs further contend that the officers threatened to arrest the Plaintiffs if they did not allow them to search their residences or did not provide them with information regarding David Green.  The last time the officers came to the home of Beatrice and Evelyn Green, they arrested Evelyn Green after another illegal search proved futile.  Plaintiffs claim that the officers' alleged mistreatment exacerbated the susceptibility to emotional distress of Plaintiffs Evelyn Green and Beatrice Green, who were both pregnant at the time of the searches.

Plaintiffs originally also filed this action against the City of East Orange, the City of East Orange Police Department, Police Officer Bradley and Chaney and unknown East Orange police officers and employees, but voluntarily dismissed all claims against these defendants.

## DISCUSSION

**A. Federal Claims**

It is well established that the Constitution does not provide for federal jurisdiction over lawsuits brought by individuals against a state unless the state has consented to such jurisdiction. College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 44, 54 (1996). This protection emanates from the Eleventh Amendment to the U.S. Constitution. Penhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 99 (1984). The state's immunity to suit in federal court extends to its agencies and departments as well. Id. at 101-102. Plaintiffs properly note that suits against state officials or agencies are barred where the state remains "the real party in interest." Plaintiffs' Memorandum of Law ("Pls. Mem.") at 8 (citing Edelman v. Jordan, 415 U.S. 651 (1974)).

The U.S. Supreme Court in Penhurst declared that the state is the "real party in interest whenever 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the

judgment would be to restrain the Government from acting, or to compel it to act."  465 U.S. at 101, n.11 (quoting Dugan v. Rank, 372 U.S. 609 (1963)).  Plaintiffs argue that The New Jersey Division of Parole is not entitled to Eleventh Amendment immunity because "a significant amount [of the Board's funds] comes from fines and fees levied upon its charges and from Federal sources." Pls. Mem. at 10.  Plaintiffs rely on two sentences in the State Parole Board's annual report that states that individuals on parole must "make payment to the Division of Parole of any assessment, fine, restitution, D.E.D.R. penalty and Lab Fee imposed by the sentencing court."  Pls. Mem. at Ex. B. 42 #9, 44 #11.  Plaintiffs contention lacks merit and is insufficient to deny the New Jersey Division of Parole Eleventh Amendment immunity.

Moreover, in U.S. ex rel. Gainer v. New Jersey, 278 F.Supp. 127, 128 (1967), the district court recognized that "[t]he New Jersey Board of Parole is an agency of the New Jersey state government."  The court held that it was not necessary to amend a petition for habeas corpus to add the New Jersey Board of Parole where the State of New Jersey was the real party in interest and had been named in the petition.  Plaintiffs offer no valid support for their assertion that their claims will not be paid out of the State of New Jersey's coffers.  Additionally, where neither New Jersey or the New Jersey Division of Parole has given

4

their consent to be sued in this action, Plaintiffs federal claims are barred by the Eleventh Amendment.[1]

**B. State Claims**

The remaining counts of Plaintiffs' complaint set forth state law claims. Because Plaintiffs' federal claims are being dismissed, the Court declines to exercise its supplemental jurisdiction over the remaining state law claims against the Defendants. 28 U.S.C. § 1367(c)(3).

When determining whether to exercise supplemental jurisdiction, "the district court should take into account generally accepted principles of judicial economy, convenience, and fairness to the litigants." Growth Horizons, Inc. v. Delaware County, PA, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)). A federal court should avoid needless decisions of state law both as a matter of comity and to promote justice between the parties. If the federal claims are dismissed prior to trial, even though not insubstantial in a jurisdictional sense, the non-federal

---

[1] Plaintiffs spend eleven pages seeking to overcome the Eleventh Amendment immunity of the State and the Parole Board. Plaintiffs go so far as to not only cite cases which are completely inapposite to their case (Pls. Mem. at 13 (citing Ex Parte Young, 209 U.S. 123 (1908)), but cite overturned case law which supports their contentions. Pls. Mem. at 15-16 (citing Parden v. Terminal Ry. of Ala. State Docks Dep't, 377 U.S. 184 (1964); Pennsylvania v. Union Gas Co., 491 U.S. 1 (1989)). The Court finds it unnecessary to expend its time even addressing these baseless arguments.

5

claims should be likewise dismissed.  Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (citing United Mine Workers, 383 U.S. at 726-727)).

With the federal claims dismissed because of Eleventh Amendment immunity, there is no overarching interest of judicial economy or convenience in preserving state claims against the Defendants.  Nor is there any apparent unfairness in dismissal without prejudice, of the non-federal claims against the Defendants.  Accordingly, in the exercise of its discretion under 28 U.S.C. § 1367(c)(3), the Court will "decline to exercise supplemental jurisdiction" over Plaintiffs' remaining claims against the Defendants because the Court has dismissed all claims over which it had original jurisdiction.

The claims against Defendants in Counts 3,4,5 and 6 are therefore dismissed for lack of supplemental jurisdiction.

## CONCLUSION

For the reasons stated in this Opinion, this Court grants Defendants motion to dismiss Counts 1 and 2 and Plaintiffs' Counts 3,4,5 and 6 are dismissed without prejudice.

An appropriate Order accompanies this Opinion.

    /s/ William G. Bassler  
WILLIAM G. BASSLER, U.S.S.D.J.

Dated: January 30, 2006